**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH LAVON BUCHANAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 10-CV-394-GKF-FHM |
| | ) |
| MIKE MULLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 7). Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). Although the Court disagrees with the calculations presented by counsel for Respondent, see Dkt. # 8, the Court nonetheless agrees that for the reasons discussed below, this petition is time-barred. The motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2006-3018. See Dkt. # 1. The record reflects that on April 17, 2007, the state district judge found Petitioner guilty after accepting his plea of guilty to First Degree Robbery (Count 1). See Dkt. # 8, Ex. 1. He was sentenced that day to ten (10) years in custody of the Oklahoma Department of Corrections. Id. On April 25, 2007, Petitioner filed a timely motion to withdraw guilty plea. Id. The district court held a hearing on the motion to withdraw plea on May 21, 2007. At the conclusion of the hearing, the motion to withdraw plea was denied. Id. Petitioner filed a petition for writ of *certiorari* at the Oklahoma Court of Criminal Appeals ("OCCA"). By order filed December 11,

2007, in Case No. C-2007-546, the OCCA denied relief. See Dkt. # 8, Ex. 2; Dkt. # 1, attached order.

The state court docket sheet provided by Respondent reflects that on December 27, 2007, Petitioner filed a "pro se motion for suspended sentence." See Dkt. # 8, Ex. 1. Thereafter, on April 17, 2008, Petitioner filed a "motion for reconsideration of the one year judicial review." Id. The docket sheet does not reflect a ruling on those two motions. Id.

On September 4, 2008, Petitioner filed an application for post-conviction relief. Id. The state district court denied the application by order filed October 9, 2008. Id.; Dkt. # 1, attached order. Petitioner appealed to the OCCA, and by order filed January 8, 2009, in Case No. PC-2008-1131, the OCCA, citing Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*, declined jurisdiction and dismissed the attempted post-conviction appeal. See Dkt. # 8, Ex. 3; Dkt. # 1, attached order.

On March 13, 2009, Petitioner filed a second application for post-conviction relief. See Dkt. # 8, Ex. 1. That application was denied by order filed April 17, 2009. Id.; Dkt. # 1, attached order. Petitioner appeal. On June 19, 2009, in Case No. PC-2009-445, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 8, Ex. 4; Dkt. # 1, attached order.

Petitioner commenced this habeas corpus action on June 18, 2010. See Dkt. # 1. In response to the petition, Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 7 and 8.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Petitioner's conviction became final on March 10, 2008, after the OCCA concluded *certiorari* review on December 11, 2007, and the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on March 10, 2008, and, absent a tolling event,

a federal petition for writ of habeas corpus filed after March 10, 2009, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not filed until June 18, 2010. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

Petitioner filed a motion requesting modification of his sentence on December 27, 2007, or before the limitations deadline. Petitioner also filed a "motion for reconsideration of the one year judicial review" on April 17, 2008. Although the record does not contain rulings on those two motions, they do not toll the one-year limitations period. A motion for judicial review is not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

The record reflects that on September 4, 2008,[1] or prior to expiration of the one-year period, Petitioner filed his first application for post-conviction relief. Therefore, the limitations period was tolled, or suspended during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for post-conviction relief was pending in the state district court from September 4, 2008, to October 9, 2008,[2] or for 35

---

[1] Respondent incorrectly states that the first application for post-conviction relief was filed on September 17, 2008. See Dkt. # 8.

[2] Although the record reflects that the district judge signed the order denying post-conviction relief on October 1, 2008, the date recited by Respondent, see Dkt. # 8, the significant date for

4

days. Petitioner's attempted post-conviction appeal was dismissed as untimely. See Dkt. # 8, Ex. Therefore, Petitioner is not entitled to statutory tolling for the period of time the post-conviction appeal was pending because it was not "properly filed." See 28 U.S.C. § 2244(d)(2). However, he is entitled to an additional 30 days of tolling, the time period allowed under state law for perfection of a post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Thus, the limitations deadline in this case was extended a total of 65 days beyond March 10, 2009, or until May 14, 2009.

Petitioner filed his second application for post-conviction relief on March 13, 2009,[3] or 62 days before the May 14, 2009, deadline. His second post-conviction proceeding was pending from March 13, 2009, until June 19, 2009, when the OCCA affirmed the denial of post-conviction relief. After the OCCA affirmed the denial of the second application for post-conviction relief on June 19, 2009, Petitioner had to file his federal petition for writ of habeas corpus within the 62 days remaining in his one-year period, or on or before August 20, 2009. Petitioner filed his petition on June 18, 2010, or approximately 10 months after the deadline. Unless Petitioner is entitled to equitable tolling, his federal petition for writ of habeas corpus is time-barred.

---

purposes of the one year limitations period is October 9, 2008, the date the order denying post-conviction relief was filed of record and mailed to Petitioner.

[3]Counsel for Respondent does not acknowledge the filing date of the second application for post-conviction relief and does not credit Petitioner with tolling during the pendency of the second application for post-conviction relief. See Dkt. # 8.

Petitioner did not file a response to the motion to dismiss. Although the statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling, Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), nothing in the petition suggests a basis for equitable tolling. Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. As a result, Petitioner is not entitled to equitable tolling. His petition is time-barred.

*CONCLUSION*

The Court concludes that Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 28th day of February, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma